### KERNOCHAN et al. v. RUSSELL.

(Supreme Court, Appellate Term. October, 1901.)

GIFTS—INTER VIVOS—CHOSES IN ACTION—REQUISITES.

     A gift inter vivos of shares of capital stock is invalid unless accompanied by actual or constructive delivery or evidenced by an assignment in writing.

Appeal from city court of New York, general term.

Action by James P. Kernochan and others, as trustees, against Charles W. Russell. From an order adjudging defendant guilty of a contempt of court (71 N. Y. Supp. 1139), he appeals. Affirmed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Hoelljes & Sykes, for appellant.

William H. Sage, for respondents.

SCOTT, J. The parties have agreed by stipulation that the sole question to be passed upon on this appeal is whether the defendant was guilty of contempt for violation of the injunction contained in the order of November 16, 1891. This precludes the discussion of any questions of procedure and regularity. That the defendant was the owner of the stock prior to August 1, 1888, is admitted. It was then pledged with the First National Bank as security for a loan. The defendant was still the owner of it when the order of

November 16, 1891, was served upon him, unless he had parted . with the ownership in some way. He claims to have made a gift of it to his wife. His and her evidence upon this point is open to grave suspicion, and the general term were quite justified in discrediting it. Even upon his own showing, however, he fails to make out a case of a perfected gift. It is essential to the validity of a gift inter vivos that it shall be accompanied by either actual or constructive delivery, or shall be evidenced, in case of a chose in action, by a written assignment. It does not appear that the alleged gift to the wife was thus perfected or evidenced until after the service of the restraining order. The length of time which elapsed between the service of the restraining order and the delivery of the stock to the wife might cause us to hesitate to affirm the conviction for contempt if it appeared that the technical contempt had been inadvertent. The defendant does not, however, undertake to justify his action by alleging that he had forgotten or overlooked the fact that he rested under a restraining order, but seeks immunity solely by reliance upon an improbable story at variance with his own declaration upon the subject. · The order of the general term was right, and should be affirmed, with costs.

Order affirmed, with costs. All concur.